**In re: Darrel RIVIERE, Petitioner.**

No. 07–3028.

United States Court of Appeals, Third Circuit.

Submitted under Rule 21, Fed. R. App. P. Aug. 24, 2007.

Filed: Oct. 2, 2007.

Darrel Riviere, Coleman, FL, pro se.

Before: SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges.

### OPINION

PER CURIAM.

Pro se petitioner Darrel Riviere seeks a writ of mandamus to compel the District Court of the Virgin Islands, Division of St. Croix, D.V.I. Civ. No. 00–cv–00116, to (1) enter a judgment in compliance with Federal Rule of Civil Procedure 79(a) with respect to its May 2, 2002 order; and (2) construe his motion for reconsideration filed on May 13, 2002 as a Federal Rule of Civil Procedure 60(b) motion and then decide it on its merits.[1]

Riviere, a federal prisoner serving a 360–month sentence for trafficking in cocaine, filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The District Court, in an order entered on September 26, 2001, denied the motion to vacate. On October 15, 2001, Riviere filed two motions for reconsideration, one seeking relief as to Claim Twelve and the other relating to Claim Eight. In an order entered on the docket on May 2, 2002, the District Court expressly denied Riviere's two motions for reconsideration. The three-page order further stated the District Court's reasoning for its denial. On May 13, 2002, Riviere filed another motion for reconsideration under Federal Rule of Civil Procedure 59(e), which he now claims was in fact a motion for relief under Federal Rule of Civil Procedure 60(b). The District Court denied his motion on May 8, 2007.

To justify the use of the extraordinary remedy of mandamus, a petitioner must show both a clear and indisputable right to the writ and that he has no other adequate means to obtain the relief desired. *See, e.g., Haines v. Liggett Group Inc.,* 975 F.2d 81, 89 (3d Cir.1992). This is a standard that Riviere does not meet, especially because he has already been before this Court on two prior occasions concerning the District Court's proceedings. Initially, Riviere sought a writ of mandamus order-

---

1. In his petition, Riviere expressly referred to D.V.I. Civ. No. 05–cv–00042. However, the May 2, 2002 order as well as the motions at issue in this petition were filed under D.V.I. Civ. No. 00–cv–00116.

ing the District Court to rule on Claims Eight and Twelve. This Court denied the petition on October 4, 2004. On April 6, 2005, Riviere filed a notice of appeal from the District Court's May 2, 2002 order. We dismissed his appeal as untimely on June 27, 2005. This current petition raises many of the same issues already decided in Riviere's first mandamus petition and untimely appeal.

Riviere claims that the May 2, 2002 order misinterpreted the grounds for his October 2001 reconsideration motions, that the docket entry for the order itself was insufficient under Rule 79(a), and that both the computer docket and an individual from the District Court Clerk's Office indicated that his October 2001 motions were still "not decided." However, this Court has already found that the District Court did in fact deny his October 2001 motions in its May 2, 2002 order. As stated in our per curiam opinion denying his first mandamus petition, "[i]n denying the timely October 2001 motions for reconsideration, the District Court reaffirmed that Claims Twelve and Eight had been decided adversely to Riviere, and had not been overlooked." (10/4/04 Opinion at 3.) Any claim that the District Court misconstrued his motions should have been raised in an otherwise proper and timely appeal to this Court and not in a mandamus petition. In addition, Riviere cannot claim any prejudice from either the docket or the alleged statement by a Clerk's Office employee because there is no dispute that he promptly received a copy of the District Court's May 2, 2002 order and our own per curiam opinion made it clear that the District Court had denied his October 2001 motions.

Likewise, we have already found that the District Court was under no obligation to rule on his "unnecessary and duplicative" motion filed on May 13, 2002.

(10/4/04 Opinion at 3.) We have further held that this successive motion for reconsideration did not toll the time for appeal. Riviere therefore cannot now, more than five years after his motion was filed, obtain a mandamus order directing the District Court to treat his motion, which expressly referred to Rule 59, as really a motion under Rule 60. In any case, the District Court expressly denied Riviere's May 2002 motion in an order entered on May 8, 2007, thereby rendering his mandamus petition moot.

Accordingly, we will deny Riviere's petition for writ of mandamus.